**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DANIEL H.,[1] | : | Case No. 3:25-cv-00164 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This matter is before the Court for review of Plaintiff Daniel H.'s claim challenging the Social Security Administration's denial of his application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #7).

## I. <u>Background</u>

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469–70.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff filed an application for SSI on November 1, 2022, due to several impairments, including seizures, a hearing impairment, anxiety, and post-traumatic stress disorder (PTSD). (Doc. #7–6, *PageID* #254). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon on February 20, 2024. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since November 1, 2022, the application date.

Step 2: He has the following severe impairments: lumbar spine degenerative disc disease, Alport syndrome with associated hearing loss and diminished kidney functioning, a remote history of seizures, depression, an anxiety disorder, post-traumatic stress disorder, and borderline intellectual functioning.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "medium work … except (1) no climbing of ladders, ropes, and scaffolds; (2) no work around hazards such as unprotected heights or dangerous machinery; (3) no driving of automotive equipment; (4) no concentrated exposure to loud noise; (5) simple, routine, repetitive tasks; (6) occasional superficial contact with co-workers and supervisors (superficial contact is defined as able to receive simple instructions, ask simple questions and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (7) no public contact; (8) no teamwork or tandem tasks; (9) no fast paced work; (10) no strict production quotas; and (11) limited to work which involves very little, if any, change in the job duties or the work routine from one day to the next and in which any changes would be explained in advance."

He has no past relevant work.

Step 5: Considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7–2, *PageID* #s 42–54). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since November 1, 2022, the date the application was filed. *Id.* at 54.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7–2, *PageID* #s 37–60), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In his Statement of Errors, Plaintiff avers that the ALJ failed to properly evaluate the medical opinions of Julie Potter, B.A., and Linda Kimble, APRN, CNP, PMNHP, and the prior administrative psychological findings of Jennifer Swain, Psy.D., and David Dietz, Ph.D. (Doc # 8, *PageID* #s 1115–27). In response, the Commissioner maintains that the ALJ evaluated the medical opinions consistent with the regulations and that his decision is supported by substantial evidence. (Doc. #10, *PageID* #s 1142–51).

A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A plaintiff's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other

evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." § 416.920c(c)(1)–(5).

Supportability and consistency are the most important of the five factors. 20 C.F.R. § 416.920c(b)(2). While the regulations state that ALJs "*may* . . . explain how [they] considered" the other various factors, these same regulations mandate that an ALJ "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 416.920c(b)(2) (emphasis added). Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Kenneth M. v. Comm'r of Soc. Sec.*, 2025 WL 1948987, at *12 (S.D. Ohio July 16, 2025) (Preston Deavers, M.J.) (quoting *Reuse v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 (N.D. Ohio Apr. 29, 2021)) (internal citations omitted). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(2). Failing to discuss either supportability or consistency requires remand. *Kenneth M.*, 2025 WL 1948987, at *12; *Whalen v. Comm'r of Soc. Sec.*, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 WL 1756524 (N.D. Ohio June 25, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand.").

An ALJ must "provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-

CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021), and "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)); *Decorian P.R. v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1155941, at *5 (S.D. Ohio Mar. 18, 2024) (internal citation omitted). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Warren I.*, 2021 WL 860506, at *8. The ALJ bears the burden of "show[ing] his or her work"; in other words, the ALJ must "explain in detail *how the factors actually were applied* in each case, to each medical source." *Kenneth M.*, 2025 WL 1948987, at *12 (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F.Supp. 3d 900, at *6 (E.D. Mich. 2021)); *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 1009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (internal citations omitted).

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinions of Julie Potter, B.A.; Linda Kimble, APRN, CNP, PMNHP; and the prior administrative psychological findings of Jennifer Swain, Psy.D., and David Dietz, Ph.D., for supportability. (Doc. #8, *PageID* # 1117).

**A. Julie Potter, B.A.**

In June 2023, Ms. Potter, an audiologist, opined that Plaintiff's hearing loss "prevented him from being able to function at a job, having, casual conversation along with not wanting to engage in social interactions, difficulties with his memory and concentration." (Doc. #7–7, *PageID* #685). She also reported that Plaintiff was unable to hear conversations at normal speaking level due to

his loss. *Id.* She concluded that Plaintiff should be fitted with an Oticon Real 3, a technology that would allow him to achieve comfortable hearing levels in all situations and help him better engage with other people. *Id.* In support of her opinion Ms. Potter cited to Plaintiff's subjective complaints as well as audiological reports containing Plaintiff's Speech Discrimination Score, Speech Reception Threshold, and Unaided Sound Field Score as well. *Id.*

The ALJ found Ms. Potter's opinion to be "not persuasive." (Doc. #7–2, *PageID* #52). The ALJ determined that, while Plaintiff requires the use of hearing aids, he has 95% speech recognition in the right ear and 100% in the left during her February 2023 evaluation. *Id.* (citing Doc. #7–8, *PageID* #s 1012–14). The ALJ also noted that, consistent with this finding, Plaintiff could hear "just fine" during the hearing with the ALJ. *Id.*

Plaintiff contends that the ALJ merely compared Ms. Potter's opinion with other evidence in the record, which goes to the consistency factor but not supportability. (Doc. #8, *PageID* #1118). The Commissioner argues that "the ALJ properly found the opinion not persuasive" and "applied the supportability and consistency factors to Ms. Potter's opinion." (Doc. #10, *PageID* #1147) (citations omitted). In support, the Commissioner cites to the ALJ's discussion of Plaintiff's February 2023 testing results in relation to Ms. Potter's opinion and that "[t]he opinion was also inconsistent with Plaintiff's ability to hear fine at the administrative hearing." *Id.* Without any further discussion, the Commissioner briefly concludes that "the ALJ properly applied supportability and consistency…." *Id.*

In making this argument, the Commissioner conflates the supportability and consistency factors. "[A]n ALJ's supportability analysis addresses whether a medical professional has sufficient justification for their *own* conclusions." *Amy G. v. Comm'r of the SSA*, No. 2:24-cv-

01151, 2025 WL 455378, at *18 (S.D. Ohio Feb. 11, 2025) (Gentry, M.J.) (emphasis in original). Here, however, the ALJ summarizes Ms. Potter's opinion, finds it to be "not persuasive," and explains how the opinion is not consistent with the evidence in the record—namely, that the Plaintiff "has 95% speech recognition in the right eat and 100% in the left" as of February 2023 and that Plaintiff "could hear just fine during the hearing" before the ALJ. (Doc. #7-2, *PageID* #52). The ALJ does not articulate how Ms. Potter supported her own opinion or whether the opinion is supported at all. *See e.g., William G. v. Comm'r of Soc. Sec.*, No. 2:22-cv-213, 2022 WL 4151381, at *19–20 (S.D. Ohio Sept. 13, 2022) (Jolson, M.J.). By failing to express how he considered the supportability factor when discussing Ms. Potter's opinion, the ALJ necessarily failed to meet the "minimum levels of articulation," *Warren I.*, 2021 WL 860506, at *8, required to "trace the ALJ's path of reasoning." *Amanda B. v. Comm'r of Soc. Sec. Admin*., No. 2:22-CV-4209, 2024 WL 278160, at *4 (S.D. Ohio Jan. 25, 2024); *see also Stacey v. Comm'r of Soc. Sec*., 451 F. App'x 517, 519 (6th Cir. 2011) ("[T]he ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." (internal quotation marks and citation omitted)). As a result, this Court is unable to determine whether the ALJ's conclusions are supported by substantial evidence. *Jacob B. v. Comm'r of Soc. Sec*., No. 1:20-CV-617, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) ("In the absence of a sufficient explanation of supportability and consistency with the record as a whole, the Court cannot conclude that the AL's consideration of Dr. Rush's opinion is supported by substantial evidence … the ALJ's decision must be reversed and remanded for further proceedings to properly analyze Dr. Rush's medical opinions…."). Accordingly, the ALJ's omission of the supportability analysis constitutes reversible error. *See*

*Rabbers*, 582 F.3d at 654. Therefore, Plaintiff's assignment of error is well-taken and remand is necessary.[2]

**B. Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**
2. The Commissioner's non-disability finding is **VACATED**;
3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;
4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and
5. The case is terminated on the Court's docket.

September 25, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge